Gabrielli, J.
(concurring). The unfortunate result in this case is mandated by the indirect method of hospital cost control permitted by the legislation before us in this case. As an unsettling consequence of this statutory scheme, New York hospitals may avoid rate control by merely canceling their Blue Cross contracts. This avoidance, although permissible under the statute, is clearly contrary to its intent as evidenced by the legislative statement of findings and purpose in the Hospital Cost Control Law (L 1969, ch 957, § 2). The Legislature recognized that ”[r]ising hospital costs are a matter of vital concern to the people of this state * * * The Legislature therefore finds and declares that it is essential that an effective cost control program be established which will both enable and motivate hospitals to control their spiraling costs. It is the intent of this chapter to provide for uniform measures on a state-wide basis to control hospital costs without the sacrifice of quality of service. A system of hospital cost accounting and cost finding is necessary if the inhabitants of the state are to continue to receive the advantages of the highest level of health services attainable without the imposition of charges at levels which few can afford. It is the intent of this chapter to provide for improved hospital management and availability and quality of health services at a reasonable cost.”
We can all agree that spiraling hospital costs may portend serious consequences and some effective control program is essential. However, the legislation does not really attain that result and it is for the Legislature to restudy this important problem and to recognize that the regulation program could crumble by widespread utilization of the device adopted by the hospital in the case before us.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Cooke concur with Judge Fuchsberg; Judge Gabrielli concurs in a separate opinion in which Chief Judge Breitel also concurs.
Order affirmed, with costs.